# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| DOWNWINDERS AT RISK, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL S. REGAN, in his official capacity as Administrator of the United States Environmental Protection Agency, <br><br> Defendant. | Case No. 4:21-cv-3551-DMR <br><br> **[PROPOSED] CONSENT DECREE** |

WHEREAS, on May 12, 2021, Downwinders at Risk, Sierra Club, Center for Biological Diversity, Air Alliance Houston, Texas Environmental Justice Advocacy Services, Clean Wisconsin, Appalachian Mountain Club, Earthworks, Natural Resources Defense Council, and Environmental Defense Fund (collectively, "Plaintiffs") filed Case No. 21 Civ. 3551 (DMR), against Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency ("EPA");

WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, on October 1, 2015, pursuant to CAA section 109(d)(1), 42 U.S.C. § 7409(d)(1), EPA promulgated a final rule revising the primary and secondary ozone National Ambient Air Quality Standards ("NAAQS"), *National Ambient Air Quality Standards for Ozone*, 80 Fed. Reg. 65,292 (Oct. 26, 2015) ("2015 ozone NAAQS");

WHEREAS, pursuant to CAA section 110(a)(1), 42 U.S.C. § 7410(a)(1), "[e]ach State shall . . . submit to the Administrator, within 3 years . . . after the promulgation of a [primary NAAQS] (or any revision thereof) under section 7409 of this title for any air pollutant, a plan which provides for implementation, maintenance, and enforcement of such primary standard in each air quality control

1

region (or portion thereof) within such State," and the submittal required by CAA section 110(a) is often referred to as an infrastructure state implementation plan ("SIP");

WHEREAS, CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), often referred to as the "good neighbor" provision, requires such SIPs to "contain adequate provisions prohibiting . . . any source or other type of emissions activity within the State from emitting any air pollutant in amounts which will contribute significantly to nonattainment in, or interfere with maintenance by, any other State with respect to any such [NAAQS]";

WHEREAS, the "contribute significantly to nonattainment" clause of the good neighbor provision is often referred to as "prong 1," and the "interfere with maintenance" clause is often referred to as "prong 2";

WHEREAS, CAA section 110(k), 42 U.S.C. § 7410(k), sets forth a process for EPA's review of SIP submissions and revisions. Pursuant to CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), "[w]ithin 60 days of the Administrator's receipt of a plan or plan revision, but no later than 6 months after the date, if any, by which a State is required to submit the plan or revision, the Administrator shall determine" whether a SIP submission meets statutory criteria for being complete, and "[a]ny plan or plan revision that a State submits to the Administrator, and that has not been determined by the Administrator (by the date 6 months after receipt of the submission) to have failed to meet the minimum criteria . . . , shall on that date be deemed by operation of law to meet such minimum criteria";

WHEREAS, pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), "the Administrator shall act on" SIP submissions "[w]ithin 12 months of a determination by the Administrator (or a determination deemed by operation of law) . . . that a State has submitted a plan or plan revision (or, in the Administrator's discretion, part thereof)" meeting the applicable minimum criteria, and EPA "shall act on the submission," by whole or partial approval or disapproval, including conditional approval, in whole or in part;

WHEREAS, pursuant to CAA section 110(c)(1), 42 U.S.C. § 7410(c)(1), EPA "shall promulgate a Federal implementation plan at any time within 2 years after the Administrator" either finds that a State has failed to make a complete SIP submission or "disapproves a [SIP] submission in whole or in part";

WHEREAS, pursuant to CAA section 110(a)(1), 42 U.S.C. § 7410(a)(1), "each State shall . . . within 3 years . . . after the promulgation" of the 2015 ozone NAAQS, *i.e.*, by October 1, 2018, "adopt and submit" a SIP to EPA;

WHEREAS, Plaintiffs allege that EPA has failed to perform a duty mandated by CAA section 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), to take final action to approve, conditionally approve, or disapprove, in whole or in part, certain 2015 ozone NAAQS infrastructure SIP submissions addressing the good neighbor provision from the States of Alabama, Arizona, Arkansas, California, Connecticut, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas, West Virginia, Wisconsin, and Wyoming;

WHEREAS, on December 2, 2021, EPA published a notice of final rulemaking in the *Federal Register* pursuant to CAA section 110(k)(2)-(3), 42 U.S.C. § 7410(k)(2)-(3), to approve in full the 2015 ozone NAAQS SIP submissions addressing the good neighbor provision from the States of Florida, Georgia, North Carolina, and South Carolina. *See* 86 Fed. Reg. 68,413. On December 20, 2021, EPA published a notice of final rulemaking pursuant to CAA section 110(k)(2)-(3), 42 U.S.C. § 7410(k)(2)-(3), to approve in full the 2015 ozone NAAQS SIP submission addressing the good neighbor provision from the State of Connecticut. *See* 86 Fed. Reg. 71,830. On December 27, 2021, EPA published a notice of final rulemaking pursuant to CAA section 110(k)(2)-(3), 42 U.S.C. § 7410(k)(2)-(3), to approve in full the 2015 ozone NAAQS SIP submission addressing the good neighbor provision from the State of Hawaii. *See* 86 Fed. Reg. 73,129. Plaintiffs and EPA agree that these actions resolve Plaintiffs' claims with respect to the SIP submissions from Connecticut, Florida, Georgia, Hawaii, North Carolina, and South Carolina;

WHEREAS, Plaintiffs seek, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations with respect to the remaining States' SIP submissions under CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4);

WHEREAS, Plaintiffs and EPA have agreed to settle this action without admission of any issue of fact or law;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of the claims in this case;

WHEREAS, Plaintiffs and EPA agree that resolution of this lawsuit without further litigation is in the best interests of the parties, the public, and judicial economy;

WHEREAS, Plaintiffs and EPA agree that this Court has subject matter jurisdiction over the matters resolved in this Consent Decree pursuant to CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c), (d); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and EPA, it is hereby ordered, adjudged, and decreed as follows:

**GENERAL TERMS**

1. This Court has jurisdiction to enter this Consent Decree and, pursuant to the Consent Decree, to order the relief stated herein.

2. This Consent Decree applies to, is binding upon, and inures to the benefit of the parties (and their successors, assigns, and designees).

**EPA ACTIONS**

3. No later than **April 30, 2022**, EPA shall sign for publication in the *Federal Register* notices of final rulemaking pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, SIP submissions from the following 21 States addressing CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), for the 2015 ozone NAAQS:

a. Alabama
b. Arkansas
c. Illinois
d. Indiana
e. Iowa
f. Kansas
g. Kentucky
h. Louisiana
i. Maryland
j. Michigan
k. Minnesota
l. Mississippi
m. Missouri
n. New Jersey
o. New York
p. Ohio
q. Oklahoma
r. Tennessee
s. Texas
t. West Virginia
u. Wisconsin

4. Notwithstanding Paragraph 3, if by **February 28, 2022**, EPA signs for publication in the *Federal Register* (i) a proposed full or partial disapproval of a SIP submission from a State identified in Paragraph 3 that addresses CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), for the 2015 ozone NAAQS, and (ii) a proposed federal implementation plan for that State that addresses CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I) for the 2015 ozone NAAQS, then EPA shall have until **December 15, 2022**, to sign a final action to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part the CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), provisions of that SIP submission pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4).

5. No later than **December 15, 2022**, EPA shall sign for publication in the *Federal Register* notices of final rulemaking pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, SIP submissions from the following five States addressing CAA section 110(a)(2)(D)(i)(I), 42 U.S.C. § 7410(a)(2)(D)(i)(I), for the 2015 ozone NAAQS:

 a. Arizona
 b. California
 c. Montana
 d. Nevada
 e. Wyoming

6. EPA shall, within ten (10) business days of signature of any proposed or final rulemaking required under Paragraphs 3 through 5, send the rulemaking package to the Office of the Federal Register for review and publication in the *Federal Register*.

## TERMINATION OF CONSENT DECREE AND DISMISSAL OF CLAIMS

7. After the EPA has completed the actions set forth in Paragraphs 3 through 6 of this Consent Decree and the issue of Plaintiffs' costs of litigation, including attorneys' fees, has been resolved, then EPA may move to have this Consent Decree terminated. Plaintiffs shall have 14 days in which to respond to such a motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

## MODIFICATIONS AND EXTENSIONS

8. Any provision of this Consent Decree—including any deadline in the Consent Decree—may be modified by: (a) written stipulation of the parties, with notice to the Court, or (b) the Court,

5

following motion of any party for good cause shown, which may include a showing that the provision sought to be modified is no longer in the public interest. If the parties modify the Consent Decree pursuant to subsection (a) of this Paragraph, EPA shall promptly file a notice with the Court. If one of the parties files a motion to modify the Consent Decree pursuant to subsection (b) of this Paragraph, the non-moving party may file a response or opposition within 14 days. Before filing any motion under subsection (b) of this Paragraph, the moving party shall follow the dispute resolution process set forth in Paragraph 9 below.

**DISPUTE RESOLUTION**

9. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with written notice outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer by phone or videoconference to attempt to resolve the dispute. If the parties are unable to resolve the dispute within 14 days after receipt of the notice of dispute, either party may petition the Court to resolve the dispute.

10. No party may file a motion to enforce this Consent Decree or for contempt of Court without first following the procedure set forth in Paragraph 9.

**CONTINUING JURISDICTION**

11. This Court shall retain jurisdiction to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorneys' fees.

12. Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review any final rule or determination issued by EPA pursuant to this Consent Decree.

**RESERVATIONS**

13. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or otherwise provided by law. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this Paragraph.

14. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law. By entering into this Consent Decree, Plaintiffs and EPA do not waive or limit any claim, remedy,

or defense, on any grounds, related to any proposed or final action EPA takes with respect to the matters addressed in this Consent Decree.

### ATTORNEYS' FEES

15. The deadline for Plaintiffs to file a motion for costs of litigation, including attorneys' fees, for work performed prior to entry of the Consent Decree is hereby extended until 90 days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve informally Plaintiffs' claim for costs and attorneys' fees. If they cannot, Plaintiffs may file a motion for such costs and fees. EPA reserves the right to oppose any such motion. The Court expressly retains jurisdiction to adjudicate any motion arising under this Paragraph.

16. Plaintiffs reserve their right to seek litigation costs for any work performed after the entry of this Consent Decree. EPA does not concede that Plaintiffs will be entitled to fees for any work performed after the entry of the Consent Decree, and reserves the right to oppose any such motion. The parties reserve all claims and defenses with respect to any future costs of litigation claims. If Plaintiffs intend to file a motion for any such additional litigation costs, including attorneys' fees, Plaintiffs agree to meet and confer with EPA at least fourteen (14) days before filing any such motion to attempt to resolve any such claim through informal negotiations. The Court expressly retains jurisdiction to adjudicate any motion arising under this Paragraph.

### MUTUAL DRAFTING; HEADINGS

17. This Consent Decree was jointly drafted by Plaintiffs and EPA. The parties agree that any rule of construction construing any ambiguity against the drafting party is inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

18. Headings contained in this Consent Decree are for the convenience of the reader only and shall not affect the meaning of any of the Consent Decree's terms.

### NOTICE AND CORRESPONDENCE

19. Any notices required or provided for by this Consent Decree shall be in writing by e-mail sent to each counsel of record as set forth in the docket for this case.

## APPROPRIATED FUNDS AND FORCE MAJEURE

20. Plaintiffs and EPA agree that no provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

21. EPA and Plaintiffs recognize that circumstances outside the reasonable control of EPA could delay EPA's ability to comply with the obligations contained in this Consent Decree. Should such a delay occur because of a lapse in appropriations by Congress resulting in a government shutdown within 120 days prior to a deadline set forth in this Consent Decree, such deadline shall be extended automatically one day for each day of the shutdown. No notice is required to extend time in connection with a lapse in appropriations resulting in a government shutdown. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 8.

## PUBLIC NOTICE; EFFECTIVE DATE

22. Before this Consent Decree can be finalized and entered by the Court, EPA will publish notice of this Consent Decree in the *Federal Register* and provide an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General withdraw or withhold consent pursuant to CAA section 113(g), this agreement shall be void and its terms may not be used as evidence in any litigation between the parties. If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

23. This Consent Decree shall become effective upon the date of its entry by the Court.

24. If for any reason the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

## REPRESENTATIVE AUTHORITY

25. The undersigned representatives of Plaintiffs and EPA certify that they are fully authorized by the parties they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

## COMPLETE SETTLEMENT

26. This Consent Decree constitutes a complete settlement of all allegations and claims in this matter, with the exception of Plaintiffs' claims for costs and attorneys' fees, which shall be addressed as set forth above in Paragraphs 15 and 16.

**IT IS SO ORDERED** on this _____ day of _____, 2022

DONNA M. RYU
United States Magistrate Judge

| | |
|---|---|
| 1 | COUNSEL FOR PLAINTIFFS: |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

COUNSEL FOR PLAINTIFFS:

*/s/ Kathleen Riley*
KATHLEEN RILEY, *Pro Hac Vice*
NEIL GORMLEY, *Pro Hac Vice*
Earthjustice
1001 G St NW, Suite 1000
Washington, D.C. 20036
202-667-4500
kriley@earthjustice.org
ngormley@earthustice.org

PAUL R. CORT, State Bar No. 184336
Earthjustice
50 California Street
San Francisco, CA 94111
415-217-2000
pcort@earthjustice.org

*Counsel for Plaintiffs Downwinders at Risk, Sierra Club, Center for Biological Diversity, Air Alliance Houston, Texas Environmental Justice Advocacy Services, Appalachian Mountain Club, Earthworks, Natural Resources Defense Council, and Environmental Defense Fund*

*/s/ Hayden Hashimoto*
HAYDEN HASHIMOTO, State Bar No. 325150
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(808) 342-8837
hhashimoto@catf.us

*Counsel for Plaintiff Clean Wisconsin*

_____
ZACHARY FABISH, State Bar No. 247535
Sierra Club
50 F Street NW, 8th Floor
Washington, DC 20001
(202) 675-7917
zachary.fabish@sierraclub.org

*Counsel for Plaintiff Sierra Club*

| | | |
|---|---|---|
| 1 | COUNSEL FOR DEFENDANT: | TODD KIM<br>Assistant Attorney General |
| 2 | | |
| 3 | | *David Mitchell* |
| 4 | | DAVID D. MITCHELL (IL Bar No. 6302250)<br>United States Department of Justice |
| 5 | | Environment & Natural Resources Division<br>Environmental Defense Section |
| 6 | | P.O. Box 7611<br>Washington, D.C. 20044 |
| 7 | | Tel. (202) 514-0165 |
| 8 | | david.mitchell@usdoj.gov |
| 9 | | *Counsel for Defendant* |
| 10 | OF COUNSEL: | |
| 11 | Rosemary E. Hambright | |
| 12 | Office of General Counsel<br>U.S. Environmental Protection Agency | |
| 13 | | |
| 14 | Daniel P. Schramm<br>Office of General Counsel | |
| 15 | U.S. Environmental Protection Agency | |